The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pamela T. Young and the briefs before the Full Commission. The parties waived oral argument before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties stipulated that plaintiffs average weekly wage was $560.00, yielding a compensation rate of $373.52 at all relevant times.
2. The parties stipulated to the plaintiffs medical records and billing from Carolinas Medical Center.
3. The parties stipulated to the Charlotte-Mecklenburg Police Department Offense Report taken by Officer A. M. Linto on January 11, 1999.
4. The parties stipulated to four subpoenas.
5. The parties stipulated that the defendant did not have workers compensation insurance coverage on January 11, 1999.
6. The issues presented are:
a) Whether the defendant is subject to and bound by the provisions of the North Carolina Workers Compensation Act.
b) Whether the plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant on January 11, 1999.
c) Whether the plaintiff is entitled to any benefits pursuant to the North Carolina Workers Compensation Act.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a 47 year old college graduate with a degree in Business Management. Plaintiff is a resident of South Carolina.
2. Plaintiff has worked in construction for about 15 years. His duties included residential construction carpentry. Plaintiff has no license in construction carpentry.
3. In October 1998, defendant recruited plaintiff, Earl Williams and Kiernen Williams to travel from South Carolina to Charlotte, North Carolina to work for him on a residential construction project in Charlotte. Defendant provided a van to plaintiff and to his co-employees to transport themselves from South Carolina to the North Carolina job site. Pursuant to defendants instructions, plaintiff and his co-employees traveled from South Carolina on Mondays and remained in Charlotte, North Carolina working for defendant until Friday of each week. After working for defendant on Fridays, plaintiff and his co-employees returned home to South Carolina for the weekend via the defendants van.
4. While in Charlotte, North Carolina each week, plaintiff and his co-employees resided at a Motel 6. These rooms were arranged and paid for by defendant.
5. Plaintiff performed work while in Charlotte, North Carolina only for defendant as a framing carpenter.
6. On January 11, 1999, pursuant to defendants instructions, plaintiff and his co-employees traveled from South Carolina in the van provided by defendant to the job site in Charlotte, North Carolina to perform work in connection with defendants construction project. After completing their work, plaintiff and his co-employees checked into a room at the above-referenced Motel 6, which was arranged and paid for by defendant. As had been their customary and usual practice, plaintiff and his co-employees would remain at the Motel 6 for the remainder of the week while performing work for defendant in connection with his construction project.
7. At or about 10:00 p.m. on January 11, 1999, plaintiff and his co-employees were watching television in their motel room when a gun was discharged in an adjoining room by an unknown suspect and the bullet pierced the wall striking plaintiff in the abdomen.
8. As a result of his injuries, plaintiff was hospitalized for 32 days, sustaining injuries to his diaphragm, spleen, liver, stomach, and pancreas and underwent multiple surgeries.
9. As a direct and proximate result of plaintiffs January 11, 1999 injury by accident, plaintiff has incurred $184,630.64 in unpaid medical bills.
10. Defendant provided all construction materials and tools utilized by plaintiff and his co-employees, that defendant instructed plaintiff and his co-employees as to their working hours and defendant supervised plaintiff and his co-employees daily as to how to complete the work at the job site in compliance with the job sites plans and specifications, including how to accomplish their respective job tasks. Defendant provided daily transportation for the plaintiff and his co-employees to and from the Motel 6 and the job site and defendant paid or arranged for two meals per day for the plaintiff and his co-employees while they worked at the Charlotte, North Carolina job site. Finally, defendant contracted, arranged for and was paid for all of the work at the job site performed by plaintiff and his co-employees.
11. At the hearing, the deputy commissioner conducted the direct examination of the pro se defendant and defendant was aloof and squirmed during his testimony. Defendant first offered a North Carolina address when questioned by the deputy commissioner, but later asserted a different address for himself in South Carolina. Defendant testified that he indeed supervised plaintiff and plaintiffs work and stated that he owned the van which transported the plaintiff and his co-employees to and from the Charlotte, North Carolina job site. However, defendant denied paying for two meals per day for plaintiff and his co-employees and denied paying for the motel bill other than one time. Defendant testified that he had sufficient timely notice of plaintiffs injury by accident.
12. Defendant also testified that he knew the law required him to secure workers compensation insurance coverage and that he employed plaintiff plus five to fourteen other employees which defendant contended were all sub-contractors.
13. Plaintiff testified was released to return to work on light duty on October 13, 1999 and although he can no longer perform construction work due to his injury by accident, within the last two weeks prior to this hearing, he has applied for work at United Parcel Service in Columbia, South Carolina and with Temporary Services in Lexington, South Carolina.
14. As of the date of the hearing before the deputy commissioner, plaintiff has made reasonable efforts to seek suitable employment, but has not yet secured suitable employment.
15. The Full Commission gives more weight to the testimony of the plaintiff.
16. At all times relevant herein, defendant was engaged in the construction business as a sole proprietor doing business as Gabbidon Builders, employing in excess of three persons in connection with construction projects he had contracted to perform in and near Charlotte, North Carolina.
17. Defendant controlled plaintiffs work and furnished plaintiffs tools and materials, thus creating an employment relationship between he and plaintiff.
18. On January 11, 1999, plaintiff was employed by defendant and sustained an injury by accident arising out of and in the course of his employment with defendant when a gun was discharged in an adjoining room by an unknown suspect and the bullet pierced the wall striking plaintiff in the abdomen. As a result of plaintiffs injury by accident, plaintiff was rendered unable to earn any wages in any employment from January 11, 1999 until October 13, 1999.
19. Defendant failed to maintain workers compensation insurance coverage for his employees.
20. Defendant failed to file an Industrial Commission Form 19 within the five days of notice of plaintiffs accident.
21. Defendant failed to file an Industrial Commission Form 33R, Response to Request for Hearing, within 45 days of when plaintiff filed the Industrial Commission Form 33.
22. Defendant unreasonably defended this matter based on stubborn, unfounded litigiousness entitling plaintiff to attorney fees.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Defendant owned and operated a company which regularly employed within North Carolina three or more employees, one of whom was the plaintiff. Accordingly, the parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act. N.C. Gen. Stat. 97-2(1), (2) and (3).
2. An employment relationship existed between the parties at all relevant times. N.C. Gen. Stat. 97-2.
3. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant on January 11, 1999 when he was struck in the abdomen by a bullet. Staying in the motel in Charlotte was a necessary incident of plaintiffs employment. N.C. Gen. Stat. 97-2(6).
4. As a result of plaintiffs injury by accident, plaintiff is entitled to temporary total disability compensation at a rate of $373.52 per week beginning January 11, 1999 and continuing until plaintiff returns to work or until further Order of the Commission. N.C. Gen. Stat. 97-29.
5. Plaintiff is entitled to have defendant pay for all of his medical expenses incurred or to be incurred, including compensation in the amount of $184,630.64 which is owed to Carolinas Medical Center for plaintiffs medical treatment related to his injury by accident of January 11, 1999, for so long as such evaluations, examinations and treatments may reasonably be required to effect a cure, give relief and will tend to lessen plaintiffs period of disability. N.C. Gen. Stat. 97-25; N.C. Gen. Stat. 97-2(19).
6. This proceeding was unreasonably defended by defendant based upon stubborn, unfounded litigiousness. N.C. Gen. Stat. 97-88.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff a compensation rate of $373.52 per week for temporary total disability benefits for his injury by accident of January 11, 1999 until plaintiff returns to work or until further Order of the Commission. Compensation due which has accrued shall be paid to plaintiff in a lump sum, subject to the attorneys fees hereinafter provided.
2. Defendant shall pay for all medical expenses incurred or to be incurred, including compensation in the amount of $184,630.64 which is owed to Carolinas Medical Center, for plaintiffs medical treatment related to his injury by accident of January 11, 1999, for so long as such evaluations, examinations and treatments may reasonably be required to effect a cure, give relief and will tend to lessen the period of plaintiffs disability.
3. As plaintiff has not yet reached the end of the healing period for his abdominal and internal injuries, this Opinion and Award does not address this issue. However, in the event that the parties should be unable to agree on the amount of compensation for permanent partial impairment, if any, to plaintiffs abdomen or internal organs which may be due, either party may request a hearing from the Commission to resolve this issue.
4. A reasonable attorneys fee of 25% of the compensation awarded to plaintiff under Paragraph 1 of this Award is hereby approved to be paid directly to plaintiffs counsel by defendant.
5. Defendant shall pay the costs.
***********
IT IS FURTHER ORDERED that
1. Pursuant to N.C. Gen. Stat. 97-92(3), defendant shall pay a fine of $25.00 to the Industrial Commission for failure to file an Industrial Commission Form 19.
2. Pursuant to N.C. Gen. Stat. 97-88.1, this proceeding was unreasonably defended by defendant based upon stubborn, unfounded litigiousness and as an appropriate sanction, defendant shall be liable for plaintiffs reasonable attorneys fees.
3. Pursuant to N.C. Gen. Stat. 97-94(b), defendant shall pay a fine of $50.00 per day for each day of the refusal or neglect to secure workers compensation coverage, from and until the same violation ceases.
4. Pursuant to Industrial Commission Rules 603 and 802, defendant shall pay a fine of $100.00 for failure to file an Industrial Commission Form 33R.
This 31st day of August 2000.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/________________ RENÉE C. RIGGSBEE COMMISSIONER